1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RODNEY L. GARROTT,

             Plaintiff,

    vs.

MELISSA ANDREWJESKI, et al.,

             Defendants.

No. CV-10-391-LRS

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, _INTER ALIA_**

**BEFORE THE COURT** are the Defendants' Motion For Summary Judgment (ECF No. 67) and Plaintiffs' Motion For A Temporary Restraining Order (ECF No. 79). These motions are heard without oral argument.

**I. BACKGROUND**

Plaintiff asserts an Eighth Amendment claim under 42 U.S.C. §1983, claiming he was not afforded adequate protection against a violent attack by another inmate. Defendants also believe Plaintiff is asserting a pendent state law claim for negligence.

**II. UNDISPUTED FACTS**

On March 14, 2010, while incarcerated at the Coyote Ridge Corrections Center (CRCC) and residing in H Unit, Plaintiff was involved in a dispute with other offenders, including offender Curry, regarding microwave usage.

Following the dispute, offender Curry motioned for the Plaintiff to come

**ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT- 1**

1  talk to him by his cell.  There, Curry threatened Plaintiff and then punched him

2  in the face.

3        After the altercation, Plaintiff was placed in protective segregation and to

4  assess the potential of any future risks of injury or harm to the Plaintiff.  As a

5  result of that assessment, a "separatee" order was issued between the Plaintiff

6  and Curry.

7        Offender Curry was then transferred out of the H Unit as a result of the

8  altercation.

9        Based on the assessment, and believing that the situation had been

10 remedied and Plaintiff was no longer in danger, Plaintiff was returned to H Unit.

11       Upon his return to the H Unit, the Plaintiff never expressed fear regarding

12 his safety.

13       After returning to the H Unit, the Plaintiff was attacked by offender

14 Tyson, a former cell-mate of offender Curry.  Tyson had minimum custody

15 review points.

16

17 **III.  DISCUSSION**

18     **A. Summary Judgment Standard**

19       The purpose of summary judgment is to avoid unnecessary trials when

20 there is no dispute as to the facts before the court.  *Zweig v. Hearst Corp.*, 521

21 F.2d 1129 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469 (1975).  Under

22 Fed. R. Civ. P. 56, a party is entitled to summary judgment where the

23 documentary evidence produced by the parties permits only one conclusion.

24 *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505 (1986);

25 *Semegen v. Weidner*, 780 F.2d 727, 732 (9th Cir. 1985).  Summary judgment is

26 precluded if there exists a genuine dispute over a fact that might affect the

27 outcome of the suit under the governing law.  *Anderson*, 477 U.S. at 248.

28       The moving party has the initial burden to prove that no genuine issue of

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 2**

material fact exists.  *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348 (1986).  Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  *Id*.  The party opposing summary judgment must go beyond the pleadings to designate specific facts establishing a genuine issue for trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548 (1986).

In ruling on a motion for summary judgment, all inferences drawn from the underlying facts must be viewed in the light most favorable to the non-movant.  *Matsushita*, 475 U.S. at 587.  Nonetheless, summary judgment is required against a party who fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual disputes regarding other elements of the claim.  *Celotex*, 477 U.S. at 322-23.

**B.  Eighth Amendment**

A prison official violates the Eighth Amendment if he or she is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  A prisoner claiming an Eighth Amendment violation must establish, both objectively and subjectively, that particular conditions of confinement are cruel and unusual.  *Wilson v. Seiter*, 501 U.S. 294, 297-98, 111 S.Ct. 2321 (1991).  To satisfy the objective component, a plaintiff must allege a deprivation which objectively is "sufficiently serious" to constitute an Eighth Amendment violation.  *Id*. at 298.  To satisfy the subjective component, a plaintiff must demonstrate that the prison official was "deliberately indifferent" to a substantial risk of serious harm.  *Farmer*, 511 U.S. at 834.  Deliberate indifference in this context means that an official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 3**

from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Thus, a prison official's failure to respond to known, credible threats to an inmate's safety constitute a violation of the inmate's Eighth Amendment rights. *Berg v. Kincheloe*, 794 F.2d 457, 460-61 (9th Cir. 1986).

Plaintiff says Curry was a "reputed gang member/leader" and because Defendants knew this, they failed to reasonably respond to a risk to the Plaintiff. This is no more than speculation by Plaintiff. There is no evidence in the record that Curry was in fact a gang member, but even assuming it to be true, that mere fact alone would not create a known, credible threat to Plaintiff's safety. There is no evidentiary support for Plaintiff's assertion that all gang members pose a danger to non-gang members.

Plaintiff says that when he was advised he would be returning to the H Unit, he asked Defendant Thomas Harmon, Classification Counselor for the H Unit at the relevant time, whether he (Plaintiff) could go to the "recently opening . . . G Unit." Plaintiff asserts he received no response from Harmon. Plaintiff, however, does not assert he expressed any fear to Harmon about being returned to the H Unit. Plaintiff asserts Tyson was a fellow gang member and "homie" of Curry and that because Defendants were aware of this, they were deliberately indifferent to Plaintiff's safety. There is no evidence in the record that Tyson was in fact a member of the same gang as Curry, and even if so, that Defendants were aware of this. According to Harmon, there was no evidence of a relationship between Curry and Tyson, other than them being former cellmates. Harmon adds that prior to Tyson's assault upon the Plaintiff, Tyson had minimum custody review points, presumably due to his relatively good behavior.

There is no evidence that Defendants were aware of facts from which they could have and should have drawn an inference that a substantial risk of

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 4**

serious harm to Plaintiff existed.   There are no genuine issues of material fact precluding the court from ruling as a matter of law that Defendants were not deliberately indifferent to a substantial risk of serious harm to Plaintiff. Defendants are entitled to summary judgment on Plaintiffs' Eighth Amendment claim.

### C. Negligence

Negligence is a lower standard than deliberate indifference. Nevertheless, the result is the same under state law.  A custodian does not violate the duty of reasonable care in failing to prevent an offender on offender assault unless the custodian had knowledge or good reason to believe that an assault was expected.  *Winston v. State/Dept. of Corrections*, 130 Wn.App. 61, 64, 121 P.3d 1201 (2005), citing *Kusah v. McCorkle*, 100 Wn. 318, 323, 170 P. 1023 (1918), and *Riggs v. German*, 81 Wn. 128, 131, 142 P. 479 (1914).  For the reasons set forth above with regard to the Eighth Amendment analysis, there is no evidence creating a genuine issue of material fact that any of the Defendants had knowledge or good reason to believe that an assault on the Plaintiff was expected by offender Curry, and then later by offender Tyson upon Plaintiff's return to the H Unit.

## IV.  RESTRAINING ORDER/PRELIMINARY INJUNCTION

On March 29, 2012, after he had filed materials on March 13 in response to Defendants' Motion For Summary Judgment, Plaintiff filed a motion for temporary restraining order and preliminary injunction, alleging he has been denied meaningful access to the law library at the Washington State Penitentiary (WSP) and that he has "routinely" been separated from his legal materials. Even if true, it is not apparent how this has prejudiced Plaintiff with respect to his ability to defend against the Defendant's Motion For Summary Judgment.

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 5**

1  Plaintiff does not dispute he was transferred from WSP to Airway Heights
2  Corrections Center (AHCC) on February 14, 2012 in order to have full access to
3  a law library, that he requested to be returned to WSP on March 7, and that he
4  was returned on March 13.  The applicable and relevant law is undisputed with
5  regard to Plaintiff's claims and the basic facts about what occurred are likewise
6  undisputed.  Plaintiff says he has been unable to provide the court with
7  affidavits from cellmates who allegedly witnessed the assaults, but Plaintiff
8  does not proffer what those individuals would say.  Therefore, it cannot be
9  discerned whether what they say would have any bearing on Defendants' actual
10 and/or constructive knowledge of a risk to Plaintiff's safety.

11

12 **V.  CONCLUSION**

13          Defendants' Motion For Summary Judgment (ECF No. 67) is
14 **GRANTED** and Defendants are awarded Judgment on the claims asserted
15 against them by Plaintiff.  Plaintiff's Motion For A Temporary Restraining
16 Order and a Preliminary Injunction (ECF No.  79) is **DENIED**.  Plaintiff's
17 Motion For Reconsideration (ECF No. 65) of the court's Order Denying Motion
18 For Appointment Of Counsel (ECF No. 64) is **DENIED**.  Pursuant to 28 U.S.C.
19 §1915(a)(3), the court hereby **CERTIFIES** that any appeal taken from this
20 order and the accompanying judgment is not taken in good faith.

21          **IT IS SO ORDERED.**  The District Executive shall enter Judgment
22 accordingly and forward copies of the Judgment and this order to the Plaintiff
23 and to counsel for the Defendants.

24          **DATED** this ___22nd___ of June, 2012.

25

26                          *s/Lonny R. Suko*
                     _____
27                          LONNY R. SUKO
                          United States District Judge

28

**ORDER GRANTING DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT- 6**